WHITTIER *v.* WINKLEY & a.

The enjoyment of a way of necessity is ordinarily limited only by the necessity for its use in connection with all lawful uses of the land to which it is appurtenant, and not by the use made of the land at the time of the grant.

TRESPASS, *quare clausum*, tried by the court. The defendants own a tract of land in Newton, about a quarter of a mile from the highway. The only access to it is by a cart-path over land adjoining the highway, now owned by the plaintiff. Originally the plaintiff's father owned both tracts, but he sold the tract bounded by the highway, and thereafter continued to use the cart-path across it in going to and from the rear lot, until his decease in 1830. Before the defendants bought the rear lot, in 1880, a part of it had been cultivated, and the remainder had been used as a pasture and

wood-lot, the cart-path being used in connection with the lot for these purposes. Recently the defendants have erected on their lot houses for the storage of ice obtained from an adjoining pond, a dwelling-house for the occupancy of the laborers, and a barn for the accommodation of the teams employed in the ice business. Materials for the buildings, saw-dust for packing the ice, and provisions for the men and teams were drawn from the highway over the cart-path, and it is this use of the cart-path of which the plaintiff complains. The defendants have no other way from their lot to the highway.

The defendants requested the court to rule that if the plaintiff's father sold the front land, retaining the ownership and possession of the land in the rear, now owned by the defendants, there would be reserved by law a way of necessity for him and his assigns from the rear land over the land so sold to the highway, and that the right of way would permit the uses made of it by the defendants; but the court declined so to rule, and found a verdict for the plaintiff. The defendants excepted.

*W. E. Jewell* (of Massachusetts), for the defendants.

*J. W. Towle* and *J. S. H. Frink*, for the plaintiff. There was a way of necessity by implied reservation in favor of the rear lot owned by the plaintiff's father, when he sold the servient estate. The implied grant or reservation is to be construed by the state of the premises when the grant or reservation was made. The reserved way was the right to and from the rear land, so that the plaintiff's father, who then owned it, might have the reasonable enjoyment of the reserved estate as it was then used (*Gayetty* v. *Bethune*, 14 Mass. 56, *Osborn* v. *Wise*, 7 C. & P. 761, *Corporation of London* v. *Riggs*, L. R. 13 Ch. Div. 798), and his grantee took the limited right that he reserved. *Shepardson* v. *Perkins*, 58 N. H. 354. The defendants cannot enlarge their right by putting the land to other uses. In other words, they cannot create the necessity. They can impose no burden upon the servient estate beyond what was put upon it by implied reservation at the time of the grant of the dominant estate.

STANLEY, J. The conveyance of land to which there is no reasonable or useful access except over other adjoining land of the grantor, or land of a stranger, is sufficient to raise the presumption that a way over the grantor's land is intended by the parties to pass as a necessary incident of the land granted. It is reasonable to suppose that the grantee bought the land for some useful purpose, and if he cannot enjoy the beneficial use of it except by means of a way over the adjoining land of the grantor, it is but reasonable and just to find that he acquired such a way. The same reasoning applies when a grantor retains land which he cannot use with-

out crossing the land conveyed. A way of necessity is reserved to him in the grantee's land. *Pingree* v. *McDuffie*, 56 N. H. 306; Wash. Ease. 49. The plaintiff concedes that a way of necessity in the front lot was reserved by his father for agricultural purposes. But he claims that the right of way is limited by the use made of the rear lot at the time of the grant out of which the easement issues; that the rear lot, being then used for agricultural purposes only, the way is limited thereby, and cannot be used for the necessary accommodation of commercial or manufacturing industries on that lot. Such a limitation on the enjoyment of a way not expressly restricted in the grant, if not contrary to the public policy of encouraging industrial enterprises (*Olcott* v. *Thompson*, 59 N. H. 154, 156, *Myers* v. *Dunn*, 49 Conn. 71, 77), is not supported by the evident intention of the parties of which the grant is evidence.

In *Corporation of London* v. *Riggs*, L. R. 13 Ch. Div. 798, 806, which is an authority for the plaintiff's position, *Jessell*, M. R., treats the question as a new one, being unable to find any authorities bearing directly upon it, and expressing fears as to the correctness of his conclusion. Stating the general rule, which is strongly supported by ancient cases, that a grantor is not allowed to derogate from the terms of his grant, he argues that the implied reservation of a way of necessity is an exception, and that, when found to exist, it ought to be strictly construed. But upon modern authorities, the interpretation of a deed or other written contract is the ascertainment of the fact of the parties' intention by means of legal evidence; and the question is, not whether there is some inflexible rule of law established by ancient authority by which the parties' rights are to be determined, but what was their intention in fact. *Rice* v. *Society*, 56 N. H. 191, 197, 199; *Houghton* v. *Pattee*, 58 N. H. 326; *Brown* v. *Bartlett*, 58 N. H. 511; *Kimball* v. *Lancaster*, 60 N. H. 264, 273; *Crocker* v. *Hill*, 61 N. H. 345, 346. The Master of the Rolls reached the conclusion that the way impliedly reserved to the grantor is only such a right as will enable him to use the reserved land in the way it is used at the time of the reservation or grant. How much importance was attached to the fact that he was then considering an exception to a general rule of law is not apparent; but it is to be noted that he does not discuss the question of fact as to the probable intention of the parties, though he substantially admits that the existence of some right of way of necessity is based on the evident intention of the parties that the grantor should not be excluded from occupying and using his land. But why should not the extent of the use, as a question of intention, be determined in the same manner?

There might be a case where no use had ever been made of the rear lot, as where it consisted of an unopened ledge, or a wilderness which had always been a useless piece of property. By the rule applied in *Corporation of London* v. *Riggs*, a way of necessity

to the unimproved land would be reserved to the grantor, because he is presumed to retain it for some useful purpose, but he would not be entitled to use his reserved way in connection with his land, because the land had never been used or improved. The first part of this rule seems to rest on the understanding of the parties, inferred from legal evidence, that there should be a way, while the latter part seems to have been invented for the purpose of defeating their equally apparent intention that it might be used. To confine the use of the way to the purposes for which the land is occupied at a particular time is to exclude the grantor in the case of an implied reservation, and the grantee, in the case of an implied grant of a way, from using their land in any other manner. It is a practical limitation on the estate retained or conveyed. If the parties supposed a way passed as a necessary incident of the grant, how can it be inferred that they intended only a way for a particular purpose, when they knew the land was capable of being used for many purposes?

In *Myers* v. *Dunn*, 49 Conn. 71, 77, the court say,—" The plaintiffs claim that inasmuch as both the defendant's grantor and himself bought wood and pasture land, having a way adapted to it in that condition, he is not now entitled to a way over the *locus in quo* for the increased necessities of a lot having a house upon it. But this claim is without foundation. The owner of land has a right to the most profitable use, the most beneficial enjoyment, thereof, subject to limitations not necessary here to be mentioned. He may erect buildings and raise grain upon and dig ores beneath it; and when, by their conveyance to the defendant's grantor, the administrators imposed, in favor of the land granted, a way of necessity over the *locus in quo*, they are presumed to have intentionally done it for any and all of these purposes; and the law will declare that it may be used for all, for it desires and encourages proprietors to increase the value of their land by building houses upon and cultivating it." If the fact of the necessity for the way is evidence that the parties intended by the deed to recognize and establish such an easement (Wash. Ease. 51), the fact that it is necessary for all purposes to which the land is adapted, is evidence that a general and not a limited way was intended. A deed conveying land for all lawful purposes furnishes no evidence that the implied way of necessity was intended to be used for the accomplishment of one of those purposes only. The necessity is originally coextensive with all the lawful uses of which the rear lot is capable, and is not created by the appropriation of the land to those uses.

If, in the deed of the plaintiff's father conveying the front lot, a way across it from the highway to his otherwise inaccessible lot in the rear had been expressly reserved, probably the defendants' right to use the way as they have would not have been questioned. In *Abbott* v. *Butler*, 59 N. H. 317, it was held that a right of way,

granted or reserved without limit of use, may be used for any purpose to which the land accommodated by the way may naturally and reasonably be devoted. See, also, *Johnson* v. *Kinnicutt*, 2 Cush. 153; *Holt* v. *Sargent*, 15 Gray 97, 102 ; *Sargent* v. *Hubbard*, 102 Mass. 380. But if, when a way is expressly granted in a deed, with no limit as to its use, it is presumed or found that a general way was intended, it may be difficult to explain why, when it is found to exist by implication, it should on the same evidence be held to be a limited or special way. In both cases its existence is a matter of intention proved by different evidentiary facts, and its extent, or the extent of its use, is also a matter of intention, but is founded on the same evidence. Having the same evidence in its support in both cases, the fact of intention must be the same in both.

As there is no evidence in this case showing that when the way was reserved the parties intended to limit its use by the uses then made of the rear lot, the refusal of the court to rule that the defendants were entitled to use the way for the accomplishment of all lawful purposes to which their land was adapted was error.

*Verdict set aside.*

CARPENTER, J., did not sit: the others concurred.