Taylor v. Gillette.

————————— ‹•••› —————

EMORY B. TAYLOR AND OTHERS vs. CHARLES W. GILLETTE, JUDGE OF PROBATE.

An appeal from the probate of a will was taken by two heirs of the testatrix, but the appeal as made out by the judge of probate described them as her sisters, and not as heirs. On an application for a mandamus to compel the judge to correct the appeal, it was found that the appellants stated to the judge that they took the appeal as heirs, but that by reason of his attention being diverted the statement did not make an impression on his mind and in afterwards making out the appeal papers he erroneously described them as sisters of the testatrix. Held that a writ of mandamus ought to be issued to compel the judge to make the correction.

The judge of probate in entering up the appeal was not acting judicially but clerically.

The appeal had been two years in the appellate court when the error was first discovered. Held that this delay was not a reason for refusing the writ of mandamus unless the appellants had been guilty of negligence, and that in the circumstances the court could not regard them as having been so.

[Argued June 4th—decided June 27th, 1884.]

Taylor *v.* Gillette.

APPLICATION for a mandamus; brought to the Superior Court and heard before *Beardsley, J.* Facts found and peremptory mandamus issued. Appeal by defendant. The case is fully stated in the opinion.

*H. B. Munson* and *C. W. Gillette,* for the appellant.

*S. W. Kellogg,* for the appellees.

PARK, C. J. The plaintiffs in this case, during the pendency in the Superior Court of an appeal taken by them from the probate of the will of one Catherine M. Osborn, filed a motion for a mandamus to compel the defendant, the judge of probate who granted the appeal and prepared the appeal papers, to make a correction of the appeal by describing the appellants, Emily L. Taylor and Selina M. Plumb, as the heirs at law of the testatrix and not merely her sisters. The court below has found that at the time the appeal was taken the appellants "stated to the judge that they took it as heirs at law of the testatrix, but that by reason of the attention of the judge being diverted to other matters, this statement was not impressed upon his memory, and that afterwards, by reason of a remark made by one of the appellants, he erroneously inferred that they were sisters of the deceased."

It is clear that an appeal taken by the appellants merely as sisters of the testatrix would be insufficient, as not showing a legal interest in her estate, it not following necessarily that they were heirs at law because they were her sisters. *Norton's Appeal from Probate,* 46 Conn., 527. And here the averment even that they were her sisters was incorrect. A correction of the appeal by inserting an averment that they were heirs at law of the testatrix was therefore necessary to its sufficiency.

The defendant objects to the judgment compelling him, as judge of probate, to make the correction, for two reasons:—first, because the act is one that he cannot be compelled by a mandamus to perform; and secondly, because

the appellants did not apply earlier for the correction of the appeal, it appearing that the appeal had been in the appellate court nearly two years.

As to the first point, it is very clear that there is nothing in the judicial character of the defendant that places him beyond the reach of a writ of mandamus. It is true that the judgment of a judge in the performance of a judicial duty cannot be controlled by that writ, though the performance of a judicial duty can be compelled by it; but the duty here is not judicial but merely clerical. A judge of probate, in making out appeals, as well as in certifying copies from the records of his office, is acting only as his own clerk. Even in the granting of an appeal he can hardly be said to be acting judicially, in any proper sense; he has no discretion in the matter. If a party interested takes an appeal in a case where the law allows it, the judge has no right to refuse it; and if he does he can be compelled by a writ of mandamus to grant it. *Elderkin's Appeal from Probate,* 49 Conn., 71. It is therefore like any other case where a clerk has made an erroneous entry on his records. If he refuses to correct the error he can be compelled to do it by a writ of mandamus. And it is very clear here that the defendant could properly be ordered by the court to make the correction in the record and copy of the record of the appeal.

As to the second objection. There is no statute of limitations applicable to the case. No period is fixed by law or by practice within which such a correction must be applied for. It all depends upon the circumstances of the case. Here although nearly two years had elapsed, yet the court finds that the error was not till then discovered. Was it negligence in the appellants that they did not sooner discover it? We think, in the circumstances, it can hardly be so regarded. They had taken the appeal in proper form, and relied implicitly on the experience and carefulness of the judge of probate, and, with their counsel, were thus led into a false confidence in the matter. The error was not a conspicuous one, and would hardly

have been observed by one who read the document without some previous suspicion of an error in it, or without special care. And the preparation of the case for trial would not necessarily, indeed would not naturally, involve any examination of the appeal, certainly on the part of the appellants. To them it was a mere formal matter, necessary for bringing the case into court, and to which there was little or no occasion to refer afterwards, as it did not set out the reasons of appeal, which were given in a later document filed by the appellants. We cannot regard the delay in discovering the error as involving negligence on the part of the appellants.

We may add that, as this is an appeal from a judgment rendered, and therefore in the nature of a proceeding in error, it would not be a sufficient ground for holding the judgment erroneous, that our own conclusion on the facts as to the appellants' negligence might differ from that of the court below; but the inference of negligence must be one that the law would necessarily draw from the facts, not one that might be drawn; an inference that is required, not one that can merely be justified.

There is no error in the judgment complained of.

In this opinion the other judges concurred.