******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WILLIAM THOMAS ET AL. *v.* BRUNO PRIMUS
(AC 35985)

DiPentima, C. J., and Lavine and Mihalakos, Js.

*Argued November 22, 2013—officially released February 4, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Hon. Richard M. Rittenband, judge trial
referee.)

*David S. Rintoul*, for the appellants (plaintiffs).

*Benjamin Ancona, Jr.*, for the appellee (defendant).

*Opinion*

MIHALAKOS, J. The plaintiffs, William Thomas, Craig B. Thomas and Andrea Thomas Jabs, appeal from the trial court's declaratory judgment granting an easement by necessity and implication in favor of the defendant, Bruno Primus. On appeal, the plaintiffs claim that the court erred in finding an easement by necessity.[1] The plaintiffs also claim that the defendant's claim for an easement should have been barred by the defense of laches. We affirm the judgment of the trial court.

The following facts, as found by the court, are relevant to this appeal. The plaintiffs own property located at 460 Camp Street in Plainville. The defendant owns one and one-quarter acres of undeveloped land abutting the eastern boundary of the plaintiffs' property. The dispute at issue here concerns the northernmost portion of the plaintiffs' property, a twenty-five feet wide by three hundred feet long strip of land known as the "passway," which stretches from the public road on the western boundary of the plaintiffs' property to the defendant's property to the east.

Both the plaintiffs' and the defendant's properties originally were part of a single lot owned by Martha Thomas, the grandmother of the plaintiffs. In 1959, Martha Thomas conveyed the one and one-quarter acres of landlocked property, currently owned by the defendant, to Arthur Primus, the defendant's brother. At the conveyance, which the defendant attended, Martha Thomas and Arthur Primus agreed that access to the landlocked property would be through the passway, which until that time had been used by Martha Thomas to access the eastern portions of her property. In 1969, the defendant took possession of the land. In 2002, the plaintiffs took possession of the western portion of Martha Thomas' property, including the passway.

In 2008, the plaintiffs decided to sell their property. When the defendant learned of their intention, he sent a letter to the plaintiffs asserting his right to use the passway to access his land. In 2009, the plaintiffs signed a contract to sell their property, but the prospective purchasers cancelled the contract when they learned of the defendant's claimed right to use the passway. The plaintiffs then brought the action to quiet title that is the subject of this appeal, seeking, among other things, a declaratory judgment that the defendant had no legal interest in the property. The defendant brought a counterclaim asking the court to establish his right to use the passway uninterrupted by the plaintiffs. In response to the defendant's counterclaim, the plaintiffs asserted the special defense of laches.

A trial was held on June 5 and 6, 2012. On August 31, 2012, the court issued its decision, finding in favor of the defendant on the plaintiffs' complaint and on his counterclaim, and concluding that the defendant had an

easement by necessity and an easement by implication over the passway. Specifically, the court found an easement by necessity was created when Martha Thomas conveyed a landlocked parcel to Arthur Primus, as it was absolutely necessary in order to access the property. The court rejected the plaintiffs' special defense of laches. On September 20, 2012, the plaintiffs filed a motion to reargue, which subsequently was denied. This appeal followed. Additional facts will be set forth as necessary.

## I

## EASEMENT BY NECESSITY

On appeal, the plaintiffs claim that the court erred in finding an easement by necessity because (1) the defendant's predecessor in title had the right to buy reasonable alternative access to the street, (2) the defendant failed to present full title searches of all adjoining properties, and (3) Martha Thomas and Arthur Primus did not intend for an easement to exist.

The plaintiffs' claims present questions concerning the court's application of the law of easements by necessity, over which our review is plenary. See *Christensen* v. *Reed*, 105 Conn. App. 578, 583, 941 A.2d 333, cert. denied, 286 Conn. 912, 944 A.2d 982 (2008) (whether court properly construed burden of party seeking easement by necessity is question of law over which review is plenary); see also *Montanaro* v. *Aspetuck Land Trust, Inc.*, 137 Conn. App. 1, 27, 48 A.3d 107, cert. denied, 307 Conn. 932, 56 A.3d 715 (2012) (whether alternative access precludes finding of easement by necessity is question of law over which review is plenary). Nonetheless, "[t]he court's factual findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole . . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Christensen* v. *Reed*, supra, 583.

Originating in the common law, easements by necessity are premised on the conception that "the law will not presume, that it was the intention of the parties, that one should convey land to the other, in such manner that the grantee could derive no benefit from the conveyance . . . ." *Collins* v. *Prentice*, 15 Conn. 39, 44 (1842). An easement by necessity is "imposed where a conveyance by the grantor leaves the grantee with a parcel inaccessible save over the lands of the grantor . . . ." *Hollywyle Assn., Inc.* v. *Hollister*, 164 Conn. 389, 398, 324 A.2d 247 (1973). The party seeking an easement by necessity has the burden of showing that

the easement is reasonably necessary for the use and enjoyment of the party's property. *Schultz* v. *Barker*, 15 Conn. App. 696, 702, 546 A.2d 324 (1988).

A

First, the plaintiffs claim that an easement by necessity does not exist because the defendant's predecessor in title had the right to buy reasonable alternative access to the street. We disagree.

In considering whether an easement by necessity exists, "the law may be satisfied with less than the absolute need of the party claiming the right of way. The necessity need only be a reasonable one." *Hollywyle Assn., Inc.* v. *Hollister*, supra, 164 Conn. 399.

In this case, the plaintiffs presented evidence at trial that, at the time he purchased the property from Martha Thomas in 1959, Arthur Primus maintained bonds for deed that allowed him to purchase access to Camp Street through a different piece of property for $900. Although he did not exercise this right, the plaintiffs contend that the fact that Arthur Primus held this option establishes that the defendant's use of the passway is not reasonably necessary.

The plaintiffs correctly note that the ability of a party to create alternative access through his or her own property at a reasonable cost can preclude the finding of reasonable necessity required to establish an easement by necessity. See *Marshall* v. *Martin*, 107 Conn. 32, 38, 139 A. 348 (1927) ("the test of necessity is whether the party claiming the right can at reasonable cost, on his own estate, and without trespassing on his neighbors, create a substitute"). Nonetheless, we are aware of nothing in our case law that suggests that a party is required to purchase *additional* property in order to create alternative access, even at a reasonable price.[2]

Furthermore, easements by necessity need not be created at the time of conveyance. See *D'Addario* v. *Truskoski*, 57 Conn. App. 236, 247, 749 A.2d 38 (recognizing easement by necessity created by state taking and natural disaster), cert. denied, 253 Conn. 918, 755 A.2d 214 (2000); see also *Pender* v. *Matranga*, 58 Conn. App. 19, 26, 752 A.2d 77 (2000) ("[a]n easement of necessity may occur when a parcel has become landlocked from outside access such that the owner would have no reasonable means of ingress or egress except over lands promised by another and a right-of-way is necessary for the enjoyment of the parcel"). Even if we were to assume, arguendo, that Arthur Primus' bonds for deed made use of the passway unnecessary at the time he owned the property, those bonds for deed expired in 1962, several years before the defendant owned the property, and provide no reasonable alternative access today. Thus, we see no reason to disturb the court's finding that use of the passway is currently necessary

for the use and enjoyment of the defendant's property.

## B

Next, the plaintiffs claim that the court improperly found an easement by necessity because the defendant failed to present full title searches of all adjoining properties. We are not persuaded.

In this case, the court found that the defendant met his evidentiary burden. See *Schultz* v. *Barker*, supra, 15 Conn. App. 702. Although the defendant did not provide evidence of title searches for all adjacent properties, the court was presented with maps and deeds of the property at issue and testimony to the effect that the defendant's property was landlocked. This, coupled with the evidence that the passway traditionally had been used to provide access, was sufficient to support the court's finding that the easement was reasonably necessary.

The plaintiffs argue that this court's holding in *Christensen* v. *Reed*, supra, 105 Conn. App. 578, imposes an obligation on any party seeking an easement by necessity to perform title searches on all adjacent properties and to present those title searches to the court in order to satisfy the burden of showing reasonable necessity. We decline to subscribe to such a broad interpretation of *Christensen*. In that case, the party defending against the claimed easement by necessity specifically argued that there was alternative access through property owned by a third party, and the trial court found that the party seeking the easement had made use of that property for access on several occasions. Id., 584–87. The trial court concluded that, under those circumstances, a title search of that property and other adjacent properties was necessary to show that the purported easement was truly the sole means of access, as the party seeking the easement had claimed. Id., 586–87. On appeal, this court deemed that determination to be proper. Id., 587. In the present case, however, the plaintiffs did not argue at trial that the defendant had access through an alternate property, nor did they present any evidence that the defendant had used alternate access in the past. Thus, the court here acted properly in relying upon the maps, documents, and testimony before it as sufficient evidence to establish the reasonable necessity of the easement.

## C

Finally, the plaintiffs argue that an easement by necessity does not exist because Martha Thomas and Arthur Primus did not intend for the easement to exist. We disagree.

The seminal case in this state on easements by necessity recognized that "the law will not presume, that it was the intention of the parties, that one should convey land to the other, in such manner that the grantee could derive no benefit from the conveyance . . . . The law,

under such circumstances, will give effect to the grant according to the presumed intent of the parties." *Collins* v. *Prentice*, supra, 15 Conn. 44. This rationale does not, as the plaintiffs suggest, establish intent as an element of an easement by necessity. Instead, "[t]he presumption as to the intent of the parties is a fiction of law . . . and merely disguises the public policy that no land should be left inaccessible or incapable of being put to profitable use." (Citation omitted.) *Hollywyle Assn., Inc.* v. *Hollister*, supra, 164 Conn. 400. Thus, absent an explicit agreement by the grantor and grantee that an easement does *not* exist, a court need not consider intent in establishing an easement by necessity. See *O'Brien* v. *Coburn*, 46 Conn. App. 620, 633, 700 A.2d 81 (holding that "the intention of the parties [was] irrelevant" in case establishing easement by necessity), cert. denied, 243 Conn. 938, 702 A.2d 644 (1997).

In this case, the court found that the defendant's property was landlocked and that access over the passway was reasonably necessary for the use and enjoyment of the defendant's property. Therefore, the court found an easement by necessity to exist over the passway. This conclusion was supported by the record and there is no legal deficiency in the court's analysis.

## II

### LACHES

The plaintiffs also claim that the trial court incorrectly concluded that the defendant's claims for an easement were not barred by the defense of laches.

Whether the defense of laches applies is "[a] conclusion . . . of fact for the trier and not one that can be made by this court, unless the subordinate facts found make such a conclusion inevitable as a matter of law. . . . We must defer to the court's findings of fact unless they are clearly erroneous. . . .

"The defense of laches, if proven, bars a [party] from seeking equitable relief . . . . First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the [opposing party]. . . . The burden is on the party alleging laches to establish that defense. . . . The mere lapse of time does not constitute laches . . . unless it results in prejudice to the [opposing party] . . . as where, for example, the [opposing party] is led to change his position with respect to the matter in question." (Citations omitted; internal quotation marks omitted.) *Caminis* v. *Troy*, 112 Conn. App. 546, 552, 963 A.2d 701 (2009), aff'd, 300 Conn. 297, 12 A.3d 984 (2011).

In this case, the defendant did not assert a right to an easement over the passway until 2008, decades after he took an interest in the property. Nonetheless, the trial court found that this delay was not inexcusable, as the defendant "had not yet decided what to do with his easement but took action when he learned that . . .

the sale of the [plaintiffs' property] would cut off access to his property."

The plaintiffs contend that, as a matter of law, any claim based on a nonrecord interest in property should be barred by laches in cases where that interest would have been extinguished by the Marketable Title Act[3] if the interest had been duly recorded. The plaintiffs' brief contains no case law or other authority in support of this contention. "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Baranowski* v. *Safeco Ins. Co. of America*, 119 Conn. App. 85, 89 n.4, 986 A.2d 334 (2010). Accordingly, we decline to consider this argument.

We are left to review the court's factual finding that the defendant's delay in asserting his right to an easement over the passway was not inexcusable. This finding is supported in the record by the defendant's testimony that he had no reason to assert his right until the looming sale jeopardized his access to his property. As such, there is no cause to disturb the court's conclusion that the defendant's claim is not barred by the defense of laches.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiffs also claim that the court erred in finding an easement by implication. Because we conclude that the court properly found an easement by necessity, we need not consider this claim.

[2] The plaintiffs' sole authority in support of their position; *Griffeth* v. *Eid*, 573 N.W.2d 829 (N.D. 1998); is distinguishable from the case before us. In that case, the North Dakota Supreme Court upheld a trial court's ruling that a party seeking an easement by necessity had not met his burden of establishing reasonable necessity because potential alternate access existed, including the possibility of purchasing an easement over another abutting property, and the party had not provided evidence that he had pursued these options and found them unavailing. Id., 834. In this case, there is no evidence in the record that the defendant had the opportunity to purchase alternate access.

[3] See General Statutes § 47-33b et seq.